"O"

I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
FIRST CLASS MAIL. POSTAGE PREPAID, TO ALL COUNSEL Petitioner
(OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.

DATED: 4/29/09

DEPUTY CLERK

FILED
CLERK, U.S.D.C. SOUTHERN DIVISION

APR 29 2009

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEDDY S. WILLIAMS, | Case No. CV 09-2592-ABC (RNB) |
| Petitioner, | |
| vs. | ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF SUBJECT MATTER JURISDICTION |
| EDWARD S. ALAMEIDA, JR., et al., | |
| Respondents. | |

Petitioner, who has been declared a vexatious litigant in this Court,[1] currently is incarcerated at Wasco State Prison. On December 3, 2008, he purported to file a Petition for Writ of Habeas Corpus by a Person in State Custody in his district of confinement, the United States District Court for the Eastern District of California. Since it appeared from the face of the Petition that petitioner's confinement stemmed from a conviction sustained in Santa Barbara County Superior Court, the action was transferred to this district and filed here on April 14, 2009.

Although the Petition is virtually unintelligible, it appears that it is directed to the same judgment of conviction as the prior habeas petition filed by petitioner in this Court on April 16, 2003, in Case No. CV 03-6603-ABC (RNB) [hereinafter the "Prior

---

[1] See June 19, 2001 Order entered in Case No. CV 00-11475-ABC (RNB).

1

Action"].[2] On February 11, 2005, pursuant to the assigned Magistrate Judge's Report and Recommendation, Judgment was entered in the Prior Action denying the operative First Amended Petition and dismissing the Prior Action with prejudice. Petitioner (through appointed counsel) appealed from that Judgment to the Ninth Circuit, and the Court granted his request for a Certificate of Appealability. The Judgment was affirmed by the Ninth Circuit on March 20, 2006.

The Petition now pending is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. 104-132, 110 Stat. 1214) ("the Act") which became effective April 24, 1996. Section 106 of the Act amended 28 U.S.C. § 2244(b) to read, in pertinent part, as follows:

> (1)   *A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.*
>
> (2)   *A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--*
>
> > (A)   *the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or*
> >
> > (B)(i) *the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and*
> >
> > (ii)   *the facts underlying the claim, if proven and viewed*

---

[2]   The Petition in Case No. CV 03-6603-ABC (RNB) represented the eighth habeas corpus proceeding initiated by petitioner in this Court directed to the same Santa Barbara County Superior Court judgment of conviction. Upon the filing of that Petition, the Court re-appointed the Office of the Federal Public Defender to represent petitioner.

*in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.*

*(3)    (A)    Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.*

*. . .*

*(C)    The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.*

*. . .*

*(4)    A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.*

To the extent that petitioner is raising any of the same claims that he raised in the Prior Action, § 2244(b)(1) requires that the instant Petition be dismissed. Moreover, even if petitioner purports to be raising claims that qualify as claims not raised in the Prior Action, § 2244(b)(3)(A) made it incumbent on petitioner to obtain authorization from the Circuit to file this second or successive petition prior to his filing of it in the District Court. Petitioner's failure to do so deprives this Court of subject matter jurisdiction. See Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001), cert. denied, 538 U.S. 984 (2003).

//

3

1    IT THEREFORE IS ORDERED that this action be summarily dismissed,
2    pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States
3    District Courts.
4         LET JUDGMENT BE ENTERED ACCORDINGLY.
5
6    DATED:        4/24/09
7
8
9                                    AUDREY B. COLLINS
10                                   UNITED STATES DISTRICT JUDGE
11   Presented by:
12
13   Robert N. Block
14   United States Magistrate Judge
15
16
17
18
19
20
21
22
23
24
25
26
27
28

                                4